ON APPLICATION FOR REHEARING
JONES, Justice.
This Court’s opinion of September 21, 1990, is withdrawn and the following opinion is substituted therefor:
This appeal and cross-appeal involve the interpretation of a settlement agreement (“Agreement”) that was incorporated into a final judgment of divorce between the indi *792 vidual parties. As to the appeal, we affirm in part and reverse in part, remanding for further proceedings; as to the cross-appeal, we affirm.
Paragraph 11 of the Agreement states:
“Wife agrees to convey to Husband all of her right, title, and interest in and to the seven (7) shares of common stock of Patterson & Wilder Construction Company, Inc. In the event said stock shall be sold by Husband within five (5) years of the date hereof [i.e., the date of the agreement], Wife shall be entitled to receive ½ of all the proceeds from such sale exceeding Ten Thousand Dollars ($10,000) per share.”
Within the five-year period after the divorce, the individual defendant, D.C. Bras-well, exchanged his stock in Patterson & Wilder Construction Company, Inc. (“Patterson-Wilder”), for stock in D.C. Braswell Construction Company, Inc. (“Braswell Construction”). Because the parties disagreed over the question whether this “exchange” of stock constituted a “sale,” as that term is used in the Agreement, Mrs. Braswell filed this lawsuit, seeking relief on several cumulative and alternative theories.
The trial court agreed with Mrs. Bras-well’s contention that the “exchange” of the stock was a “sale,” but it disagreed with her contention that she was entitled to a cash payment, and it awarded her shares of Braswell Construction stock equal in value to her interest as provided in the Agreement.[1] This latter “payment in kind” portion of the judgment forms the primary basis of this appeal. The cross-appeal challenges the trial court’s holding that the “exchange” constituted a “sale.”
Because the trial court’s judgment sets out the posture of the case, the facts relevant to the issues raised on appeal by Mrs. Braswell and on cross-appeal by Mr. Bras-well and Braswell Construction, and the contentions of the parties, we set forth the full judgment:
“This matter came before the court on November 1, 1989, for a continued and final hearing on three motions, including the Motion for Summary Judgment of the defendants, the Motion for Partial Summary Judgment filed by the plaintiff, and the Motion to Strike and the Motion for Stay of Discovery Propounded by Plaintiff as filed by the defendants.
“The Motion for Summary Judgment of the defendants was filed on December 30, 1988, seeking dismissal of all causes of action filed against the defendants. The motion was supported by the pleadings in the case as well as the affidavit of Dwight Braswell. The plaintiff filed a Response to Motion for Summary Judgment of February 13, 1989, submitting in opposition to the defendants’ motion not only the pleadings of the case, but also the affidavit of Cay Braswell, the affidavit of Frank Patterson, and certain portions of the deposition of Dwight Bras-well.
“On September 18, 1989, after the plaintiff had filed an amendment to the complaint setting forth new causes of action described in Counts II through VI, the defendants filed their Motion to Strike and for Stay of Discovery. The plaintiff filed her Motion for Partial Summary Judgment on or about September 27, 1989, seeking entry of summary judgment as to Count I of the complaint to determine the value of certain stock previously owned in Patterson & Wilder Construction Company, Inc., and for entry of a monetary judgment. The plaintiff also sought such other, different, and further relief as to which she may be entitled.
“To rule on the various motions and issues involved, it is necessary for the court to construe the meaning of the term 'sale’ within an Agreement dated December 10, 1985, between Cay Bras-well and Dwight Braswell, which was incorporated into a Decree of Divorce between these two individuals. Paragraph 11 of the Agreement provided that Cay Braswell transfer to Dwight Bras-well seven shares of stock in a corporation known as Patterson & Wilder Construction Company, Inc. In the event that the stock was ‘sold’ by Dwight Bras-well within five years of the date of the Agreement, it was agreed that Cay Bras- *793 well would be entitled to receive one-half of all ‘proceeds’ from such ‘sale’ exceeding $10,000 per share. Pursuant to an Agreement and Plan of Stock Redemption and Corporation Separation and Reorganization, dated May 25, 1988, Dwight Braswell transferred his stock interest in Patterson & Wilder Construction Company, Inc., in exchange for 100 percent of the stock in D.C. Braswell Construction Company, Inc., a corporation formed for the purpose of effecting this transfer and then holding certain assets previously owned by Patterson & Wilder Construction Company, Inc. The court also must determine if this transfer constituted a sale under the Agreement, and if so, whether the term ‘proceeds’ in the Agreement relates only to stock in the corporation known as D.C. Braswell Construction Company, Inc., or whether such term necessarily means the dollar value of such stock or may be expressed in only monetary terms.
“After a review of the materials filed in support of and in opposition to the various motions, the agreed on value of D.C. Braswell Construction stock, and after hearing argument of counsel, the court FINDS that the term ‘sale’ as contained within the Agreement dated December 10, 1985, and incorporated in the Final Decree of Divorce, was used in the generic sense to include any transfer or exchange for value, and includes transactions such as the Stock Redemption Agreement dated May 25, 1988, described hereinabove. The court further FINDS that the term ‘proceeds,’ as contained within the Agreement, should be defined with the same generality as the word ‘sale.’ Hence, proceeds must relate only to what was actually received by Dwight Braswell in exchange for his stock in Patterson & Wilder Construction Company, Inc., to-wit, stock in D.C. Bras-well Construction Company, Inc. Taking into account the agreed on valuations of that stock, the court FINDS that, pursuant to the Agreement, Cay P. Braswell was due to receive from Dwight Bras-well 16.38 percent of the common stock in D.C. Braswell Construction Company, Inc., on May 25, 1988.
“In keeping with these findings, it is hereby ORDERED, ADJUDGED, and DECREED as follows:
“1. The Motion for Summary Judgment filed by the defendants, Dwight Braswell and D.C. Braswell Construction Company, Inc., is hereby DENIED.
“2. The Motion for Partial Summary Judgment by the plaintiff is hereby GRANTED in part and DENIED in part. In so doing, the court GRANTS summary judgment in favor of Cay P. Braswell and awards her 16.38 percent of the stock in D.C. Braswell Construction Company, Inc.; and
“3. That portion of the Motion to Strike and for Stay of Discovery Propounded by Plaintiff, filed by the defendants, which relates to the stay of discovery is MOOT. The other portions of said Motion, seeking to strike Counts II through VI of the Amended Complaint of the plaintiff is GRANTED.
“Costs of this action are taxed to the party incurring the same.
“DONE and ORDERED this 28th day of December, 1989.
“/s/ Arthur J. Hanes, Jr.
“Arthur J. Hanes, Jr., Circuit Judge”
After a careful study of the entire record and the briefs of the parties, we find no basis for reversal of the judgment as to the primary issue raised on appeal: “Whether the term ‘proceeds’ as contained within Paragraph 11 of the divorce agreement must relate only to what was actually received in exchange for the stock transferred by Dwight Braswell, or whether such term includes the monetary value of what was actually received.”
As to the second issue raised on appeal— “Whether the trial court was correct in striking counts II through VI of the amendment to complaint as not being ripe for consideration” (appellant’s brief, p. 16) —we affirm as to Count III, holding that the alternative claim stated therein was subsumed in the relief granted under Count I; however, we reverse as to Counts II, IV, V, and VI, and remand the cause for a trial on the merits of those claims.
*794 Count II presented the issue of ultra vires acts by Mr. Braswell; Count IV presented the issue of intentional interference with a business relationship; Count V requested an accounting; and Count VI requested that the statutory penalty of Ala.Code, § 10-2A-79, be imposed. The matters asserted in Counts II, IV, V, and VI could have accrued only after May 25, 1988, which is the date the trial court determined that Cay Braswell became a stockholder in D.C. Braswell Construction Company, Inc. Thus, they were each separate additional and distinct requests for relief. Rule 18, Ala.R.Civ.P., allows a party to join all claims he has against another party in a single suit, even when “a claim is one heretofore cognizable only after another claim has been prosecuted to a conclusion.” Thus, when the trial court made its determination in Count I that the exchange constituted a “sale,” Counts II, IV, V, and VI became ripe for consideration. Only Count III, which was conclusively subsumed in the relief granted under Count I, was properly dismissed. Whether Cay Braswell is entitled to relief under Counts II, IV, V, and VI, and particularly whether the defendants’ compliance with the December 28, 1988, judgment on Count I renders one or more of these counts moot, are issues now ripe for consideration by the trial court.
Because we agree with the trial court’s rationale and holding with respect to the “sale of stock” transaction, we affirm as to the issues raised in the cross-appeal.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED.
89-647, AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR FURTHER PROCEEDINGS ON COUNTS II, IV, V, AND VI.
89-729, AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.

. The value of this interest is not in dispute and is- not an issue on appeal.