YATES, Judge.
Mae Oma Reynolds (wife) filed a complaint, alleging that J.P. Reynolds (husband) violated a 1972 judgment of divorce by selling a substantial portion of the assets of Reynolds Brothers Lumber Company, Inc., (Reynolds Brothers) without providing her with ten percent of the assets. She further alleged that a 1984 agreement between the parties was null, void, and of no effect. Pursuant to the agreement, the husband lent the wife $25,000 against her future receipt of corporate assets in return for her promise not to file future proceedings or suits against him for an increase in alimony. Count three of the wife’s complaint requested an increase in alimony. The trial court granted the husband’s motion for summary judgment on all claims. The wife appeals, and we affirm.
The record reveals that the divorce judgment provided for the wife’s receipt of Reynolds Brothers stock as follows:
“The [wife] shall also be entitled to ten per cent (10%) of the net returns from the sale of capital stock of REYNOLDS BROTHERS LUMBER COMPANY, INC., if sold, or ten per cent (10%) of the net return of the sale of a substantial part of the assets, this being of a sale not within the usual course of business, and shall also be the owner of a ten per cent (10%) interest in the assets and stock of said corporation on the death of the Complainant and Cross-Respondent, J.P. REYNOLDS.
“4. That henceforth the said MAE OMA REYNOLDS shall be considered as owner of a ten per cent (10%) beneficial interest in the capital stock of REYNOLDS BROTHERS LUMBER COMPANY, INC., a corporation, in that she shall receive, on the sale of the corporate stock or a substantial part of the corporate assets, ten per cent (10%) of the net amount received from such sale of corporate stock or assets, and on the death of the said J.P. REYNOLDS she or her heirs or assigns, shall be beneficiaries of and entitled to ten per cent (10%) of the net value of REYNOLDS BROTHERS LUMBER COMPANY, INC. Nothing contained in this decree shall be construed as a limitation on the owners of the capital stock of REYN-' OLDS BROTHERS LUMBER COMPANY, INC., in the operation of the affairs of said corporation in the usual course of business, including but not limited to the right to mortgage or pledge the assets of said corporation. Said beneficial interest of the [wife] as herein set out to come into force and effect only on the sale of stock or assets other than within the normal course of business or on the death of the [husband].”
Twelve years after the divorce, the wife filed suit for an increase in alimony. The agreement reached by the parties in response to the wife’s suit is at issue in the current proceedings. Evidence presented in *454 support of the husband’s claim that there had been no sale of his business included affidavits by the accountant and the attorney for Reynolds Brothers.
The accountant by affidavit stated that, prior to December 31,1991, Reynolds Brothers had operated as two distinct businesses, an Ace Hardware Center and a Ready Mix Concrete operation. He further stated that he consulted with the husband regarding a “spin-off” of the Ready Mix operation into a separate corporation in a tax-free transaction for business reasons, including tax benefits and the easier salability of the separate divisions. The accountant also stated that the new corporation was named Reynolds Ready Mix Concrete, Inc., that Reynolds Brothers was renamed Reynolds Ace Hardware, Inc., that none of the assets of the company were sold in the transaction, and that there was no intention to change the obligation to the wife.
The attorney for Reynolds Brothers by affidavit stated that the new corporation, Reynolds Ready Mix Concrete, Inc., was formed, that all of its stock was issued to Reynolds Brothers in exchange for the assets in Reynolds Brothers Ready Mix Concrete division, that the stock was distributed to the husband as sole shareholder of Reynolds Brothers, and that the name of Reynolds Brothers was changed to Reynolds Ace Hardware, Inc. He further stated that Reynolds Brothers and the husband did not receive money or other property as a result of the reorganization and that a bill of sale was issued to confirm that title of the Ready Mix Concrete division assets was legally vested in Reynolds Ready Mix Concrete, Inc. The trial court, in its order granting summary judgment, confirmed that the wife remains a beneficial owner as provided in the original judgment of divorce and amended the judgment to substitute the names Reynolds Ace Hardware, Inc., and Reynolds Ready Mix Concrete, Inc., for Reynolds Brothers. The trial court also found that the 1984 agreement “does not attempt to alter or change the original decree but is a covenant not to sue supported by adequate consideration.”
The wife first contends that the transfer of a substantial portion of the assets of Reynolds Brothers to a new corporation, Reynolds Ready Mix Concrete, Inc., was a sale. Therefore, she claims, she is entitled to ten percent of the “net returns of the capital stock of Reynolds Brothers.” She refers to Braswell v. Braswell, 574 So.2d 790 (Ala.1991), as authority for the proposition that the transfer of assets to a new corporation in exchange for stock is a “sale.”
In Braswell the pertinent agreement provided as follows:
“Wife agrees to convey to Husband all of her right, title, and interest in and to the seven (7) shares of common stock of Patterson & Wilder Construction Company, Inc. In the event said stock shall be sold by Husband within five (5) years of the date hereof [i.e., the date of the agreement], Wife shall be entitled to receive ⅜ of all the proceeds from such sale exceeding Ten Thousand Dollars ($10,000) per share.”
Id. at 792. The court in Braswell found that the term “sale” was used “in the generic sense to include any transfer or exchange for value,” and that it included the referenced transaction. Id. at 793.
Although the transfer in Braswell was found to be a sale and the wife received stock in the company to which the assets were transferred, the terms of the agreement differ from the terms in the present case. Here, the wife is entitled to ten percent of the net returns from the sale of the Reynolds Brothers stock, “this being a sale not within the usual course of business.” The divorce judgment further provided that there would be no limitation on the operation of the “affairs of said corporation in the usual course of business” and that the beneficial interest of the wife would come “into force and effect only on the sale of stock or assets other than within the normal course of business or on the death of the [husband].” In addition, the testimony of the accountant and attorney for Reynolds Brothers indicated that the reorganization was a tax-free transaction that was effected for business purposes, and the trial court has protected the wife’s interest by confirming that she remains a beneficial owner and by amending the divorce decree. Based on these differences, we find no basis for the reversal of the trial court’s judgment as to this issue.
*455 The wife next contends that the 1984 agreement pursuant to which the husband provided her with $25,000 against her future receipt of corporate assets in return for her promise not to file proceedings or suits against the husband for an increase in alimony was null, void, and of no effect. She claims that she received money to which she was entitled and, therefore, that there was no consideration for the rights that she gave up. She also claims that the possibility of duress and undue influence exists that could void the agreement and that she is entitled to a full hearing. She further claims that the agreement did not have court approval and that the agreement cannot modify the divorce decree or take away the power of the courts to modify support on a showing of changed circumstances.
The quoted portions of the divorce decree indicate that the wife was not entitled to the $25,000 received from the husband at the time that it was received and that the sum to which she might ultimately be entitled was unknown. Therefore, we find that there was consideration for the money that the husband provided to the wife.
Regarding the claim that duress and undue influence existed, we note that the wife’s affidavit indicates that her lawyer was not involved with the agreement and that she was under great financial pressure. However, the record reveals that the wife’s attorney was involved in the dismissal of the lawsuit at the time of the agreement, that the wife received a substantial sum of money to which she was not then entitled, and that she waited seven years to claim that duress and undue influence existed. Therefore, we decline to void the agreement based on this argument.
Finally, regarding the claim that the parties cannot take away the court’s power to modify support for the wife, we agree with the trial court’s finding that the agreement is “a covenant not to sue supported by adequate consideration.” Although such an agreement clearly would not be valid as to child support, we find that the agreement affected neither the divorce decree nor the powers of the trial court and that the wife could enter into the agreement.
In regard to her final issue, the wife contends that summary judgment was not proper as to the motion to modify or to determine the transfer of assets without allowing her discovery. The record reveals that the wife filed a motion requesting that the trial court compel the husband to produce certain requested documents. The trial court granted the motion for summary judgment without compelling the husband to produce the documents.
Rule 56(f), Alabama Rules of Civil Procedure, provides as follows:
“If a party opposing the [summary judgment] motion shows by affidavit that he or she cannot, for reasons stated in the affidavit, present facts essential to justify a statement in opposition, the court may deny the motion for summary judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.”
The wife did not make such a showing in her affidavit opposing the motion for summary judgment. Therefore, we cannot find, based on this argument, that the grant of summary judgment was not proper. The trial court’s judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.